# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 6-11
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | October 7, 2014 |

| ☒ Judicial District   ☐ Housing Session | G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello LLP, 364 Franklin Avenue, Hartford, CT 06106 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 860 ) 269-3457 | |

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Medina, Maria  Address: 191 Main Street, Newington, CT 06111 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Aramark Services, Inc.  Address: Business Address: 1101 Market Street, Philadelphia, PA 19107  Agent Address: CT Corporation System, One Corporate Center, Hartford, CT 06103-3220 | D-50 |
| Additional Defendant | Name:  Address: | D-51 |
| Additional Defendant | Name:  Address: | D-52 |
| Additional Defendant | Name:  Address: | D-53 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Name of Person Signing at Left  Amanda DeMatteis, Esq. | Date signed  8/28/2014 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date  08/28/2014 |

Name and address of person recognized to prosecute in the amount of $250
Michael J. Reilly, Esq., 364 Franklin Ave., Hartford, CT 06114

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Date  8/28/2014 | Docket Number |

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: OCTOBER 7, 2014 : | SUPERIOR COURT |
| MARIA MEDINA : | J.D. OF HARTFORD |
| V. : | AT HARTFORD |
| ARAMARK SERVICES, INC. : | AUGUST 28, 2014 |

COMPLAINT

**INTRODUCTION:**

1. This is an action to redress discrimination and wrongful termination based on the Plaintiff's physical disability, race and national origin pursuant to Conn. Gen. Stat § 46a-60(a)(1).

**JURISDICTION:**

2. The Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities alleging discrimination on the basis of physical disability race and national origin in a timely manner, insofar as it was filed within 180 days of her date of termination on August 30, 2013.

3. Plaintiff received a Release of Jurisdiction from the CHRO, dated August 21, 2014. Plaintiff has filed the instant complaint within 90 days of his receipt of the Release of Jurisdiction. See "Exhibit A."

**PARTIES:**

4. The Plaintiff, Maria Medina (hereinafter, "Plaintiff"), was at all times relevant to this Complaint a resident of the Town of Newington, State of Connecticut.

5. The Defendant, Aramark Services, Inc., ("Defendant" or "Defendant Company") is a foreign Delaware corporation with a principle place of business located at 1101 Market Street, Philadelphia, PA 19107.

1

6. At all times mentioned herein, Defendant Company provides facilities management and employees custodial employees at Trinity College, 300 Summit Street, Hartford, CT 06106.

7. At all times mentioned herein, Plaintiff worked at Trinity College performing custodial duties.

**FACTS:**

8. Ms. Medina worked for Defendant Company as a Custodian Leader.

9. Ms. Medina has performed custodial services at Trinity College since 1987.

10. In 2010, Aramark Corporation took over the contract for facilities management at Trinity College and Plaintiff worked in her position as Custodian Leader from that point until the unlawful termination of her employment on August 30, 2013.

11. Ms. Medina had an excellent performance history with Defendant Company, evidenced by positive oral feedback and positive performance evaluations.

12. Ms. Medina was born in Puerto Rico.

13. Ms. Medina is Puerto Rican.

14. Ms. Medina suffers from three chronic physical disabilities that substantially interfere with her ability to enjoy life's pleasures, including fibro myalgia, diabetes and osteoarthritis.

15. The symptoms of Plaintiff's fibro myalgia and osteoarthritis are severely exacerbated with repetitive movements of bending and lifting, essential functions of Plaintiff's job duties.

16. For the three years leading up to Plaintiff's termination, Hilda Ramos was Plaintiff's direct supervisor.

17. Hilda Ramos is Portuguese.

18. Upon commencement of Aramark Services Inc.'s contract with Trinity College in 2010, there were two Custodian Leaders, Plaintiff and another employee, both of Puerto Rican descent.

19. Ms. Ramos did not believe that Puerto Rican employees should have leadership or supervisory roles, evidenced by her telling co-workers that she would never hire a Puerto Rican as a supervisor again.

20. Upon commencement of Aramark Services Inc.'s contract with Trinity College in 2010, Ramos began treating Puerto Rican employees differently from non-Puerto Rican employees.

21. Aramark Corporation encourages and protects a discriminatory atmosphere, evidenced by the following regular occurrences on job sites, including but not limited to:

   a. Ms. Ramos favoring Portuguese employees;

   b. Failing to treat Puerto Rican employees, including the Plaintiff, the same as similarly situated non-Puerto Rican employees, including humiliating them in front of colleagues, asking them to perform tasks outside the scope of their employment and constantly threatening termination;

   c. Ms. Ramos telling employees that she would never hire a Puerto Rican as a Supervisor again;

   d. Ms. Ramos belittling and harassing Plaintiff, stating "Nobody wants you here," and "Nobody here likes you," on a regular and constant basis.

22. Plaintiff has suffered from fibro myalgia, diabetes and osteoarthritis, chronic disabilities, since 1996.

23. Staff at Trinity College has been aware of Plaintiff's disabilities since 1996.

3

24. Upon commencement of Aramark Services Inc.'s contract with Trinity College in 2010, Defendant Company was made aware of Plaintiff's physical disabilities.

25. On occasion, Plaintiff would be unable to work due to her physical disabilities.

26. When such a need arose, Plaintiff would supply Defendant Company with a doctor's note.

27. In response to receiving a doctor's note and Plaintiff's request for a reasonable accommodation, Ms. Ramos would harass Plaintiff about missing time from work and state, "See what happens if you keep missing work," and "You better watch out."

28. In or around December 2012, Ms. Ramos was in the office with various Aramark employees, including former supervisor Carrie Vega.

29. At the same time and location, Ms. Ramos stated, "[Maria] is missing too much time from work and she has to go."

30. In or around December 2012, Ms. Ramos implemented a third shift for custodial services at Trinity College.

31. Of the four employees assigned to third shift, three were Puerto Rican, Plaintiff included.

32. In Plaintiff's 25+ years of performing custodial services at Trinity College, including the 3 years under Defendant's contract, Plaintiff had never been assigned to a third shift.

33. During Plaintiff's time as the Custodian Leader of the third shift, Ms. Ramos constantly humiliated her by critiquing my work in front of other employees, accused Plaintiff and her team of stealing company time, asking Plaintiff to perform more tasks that are unnecessary to complete the essential functions of the job, and accusing Plaintiff of not being hard enough on her subordinates.

34. On March 14, 2013, Plaintiff was given a verbal warning for the first time since Aramark became contracted to perform custodial services at Trinity College.

35. When an individual was given a warning, verbal or written, it is Aramark's policy to bring the individual into the office to alert them of their disciplinary action in private.

36. Instead of following company policy, Plaintiff was informed of her verbal warning at the time the day shift came in to relieve the night shift.

37. There were approximately 60 people present when Plaintiff was presented with her verbal warning.

38. Other similarly situated non-Puerto Rican employees were not subjected to this discriminatory behavior.

39. In or around late June or early July 2013, Plaintiff inquired about the Family Medical Leave Act through her union representative.

40. Upon information and belief, union representative Letty Vinquet requested that Ms. Ramos complete FMLA paperwork for the Plaintiff.

41. Upon information and belief, Ms. Ramos refused to complete FMLA paperwork for the Plaintiff.

42. In or around late June or early July 2013, a meeting was held with Plaintiff, Supervisor Robert, Supervisor Gary and Ms. Ramos.

43. At said date and time, Plaintiff was demoted from Custodian Leader to Custodian.

44. The reason given Plaintiff's my demotion was pretextual as it was due to her national origin and chronic physical disabilities.

45. Plaintiff made numerous complaints about Ms. Ramos and the discriminatory treatment she was subjected to by Defendant to Supervisor Gary.

46. Plaintiff's complaints were largely ignored and no corrective action was taken.

47. The discriminatory treatment continued and constituted a continuing course of conduct.

48. Due to the hostile work environment created by Aramark Corporation, Plaintiff's demotion and the severe and pervasive treatment Plaintiff constantly endured, she became depressed and began treating with a therapist and was placed on anti-depressant medications

49. Due to the hostile work environment created by Aramark Corporation, Plaintiff's demotion and the severe and pervasive treatment Plaintiff constantly endured, Plaintiff was forced to retire early on August 30, 2013 at the age of 60.

50. But for the hostile work environment created by Aramark Corporation, Plaintiff's demotion and the severe and pervasive treatment Plaintiff constantly endured, Plaintiff would have worked until 62 years of age.

**COUNT ONE:    National Origin Discrimination**
              **Violation of Conn. Gen. Stat. § 46a-60(a)(1)**

51. Paragraphs 1-50 are hereby reincorporated the same as if fully pled in the First Count.

52. The Defendant, acting through its agents, servant, and/or employees, discriminated against the Plaintiff and wrongfully terminated her on the basis of her national origin.

53. The Defendant's stated reason for her termination or constructive discharge was a pretext to national origin discrimination.

54. The Defendant's stated reason for demoting the Plaintiff was a pretext to ancestry discrimination.

55. The Defendant, acting through its agents, servant, and/or employees, subjected the Plaintiff, on the basis of her national origin, to a continuing course of severe and pervasive conduct, creating a hostile work environment.

6

56. As a result of the Defendant Company's violation of Conn. Gen. Stat. § 46a-60(1) and the Defendant creating a hostile work environment, Plaintiff has suffered lost wages and employment benefits, severe emotional distress and has incurred attorney's fees and costs in order to receive the rights to which she is entitled.

**COUNT TWO:**     **Race Discrimination**
                        **Violation of Conn. Gen. Stat. § 46a-60(a)(1)**

57. Paragraphs 1-56 are hereby reincorporated the same as if fully pled in the Second Count.

58. The Defendant, acting through its agents, servant, and/or employees, discriminated against the Plaintiff and wrongfully terminated her on the basis of her race.

59. The Defendant's stated reason for termination or constructive discharge was a pretext to race discrimination.

60. The Defendant's stated reason for demoting the Plaintiff was a pretext to race discrimination.

61. The Defendant, acting through its agents, servant, and/or employees, subjected the Plaintiff, on the basis of her ancestry, to a continuing course of severe and pervasive conduct, creating a hostile work environment.

62. As a result of the Defendant Company's violation of Conn. Gen. Stat. § 46a-60(1) and the Defendant creating a hostile work environment, Plaintiff has suffered lost wages and employment benefits, severe emotional distress and has incurred attorney's fees and costs in order to receive the rights to which she is entitled.

**COUNT THREE:**     **Retaliation in Violation of Conn. Gen. Stat. § 46a-60(4)**

63. Paragraphs 1-62 are hereby reincorporated the same as if fully pled in the Third Count.

64. The Plaintiff engaged in a protected activity in making complaints to management about improper employment activity, and as a result, she was retaliated against by being demoted and forced to take an early retirement or constructive discharge.

65. The aforementioned conduct of the Defendant Company, through its agents, servants, and/or employees, constituted retaliation in violation of Conn. Gen. Stat. §46a-60(a)(4).

66. As a result of the Defendant's conduct Plaintiff has suffered lost wages and employment benefits, severe emotional distress and has incurred attorney's fees and costs in order to receive the rights to which he is entitled.

**COUNT FOUR:**   **Disability Discrimination**
                  **Violation of Conn. Gen. Stat. § 46a-60(a)(1)**

67. Paragraphs 1-66 are hereby reincorporated the same as if fully pled in the Forth Count.

68. The Defendant, acting through its agents, servant, and/or employees, discriminated against the Plaintiff on the basis of her physical disabilities, treated her differently than non-disabled employees, demoted her and terminated, or constructively discharged, her employment because of her physical disabilities.

69. The Plaintiff suffers from three chronic physical disabilities that substantially interfere with her ability to enjoy life's pleasures, including fibro myalgia, diabetes and osteoarthritis.

70. The Defendant's stated reason for Plaintiff's demotion was a pretext to disability discrimination.

71. The Defendant's stated reason for Plaintiff's termination or constructive discharge was a pretext to disability discrimination.

72. The Defendant, acting through its agents, servant, and/or employees, subjected the Plaintiff, on the basis of her physical disabilities, to a continuing course of severe and pervasive conduct, creating a hostile work environment.

8.

73. As a result of the Defendant Company's violation of Conn. Gen. Stat. § 46a-60(1), Plaintiff has suffered lost wages and employment benefits, severe emotional distress and has incurred attorney's fees and costs in order to receive the rights to which he is entitled.

**COUNT FIVE:** **Intentional Infliction of Emotional Distress**

74. Paragraphs 1-73 above are hereby reincorporated the same as if fully plead in the Fifth Court.

75. The defendants' actions, through their agents, servants, and/or employees, were egregious and extreme and outrageous.

76. The defendants' actions, through their agents, servants, and/or employees, caused the plaintiff severe and extreme emotional distress.

77. As a result of the defendants' aforementioned conduct, the plaintiff has suffered and will continue to suffer into the future, considerable emotional and psychological pain and suffering.

**COUNT SIX:** **Interference – Family Medical Leave Act 29 U.S.C. § 2612 et seq.**

78. Paragraphs 1-77 above are hereby reincorporated the same as if fully plead in the Sixth Court.

79. The Plaintiff was an eligible employee under the Family Medical Leave Act.

80. The Plaintiff was entitled to a leave under the FMLA and gave notice to the Defendant Company that she wished to take a medical leave under FMLA.

81. The Defendant Company discriminated against the Plaintiff, retaliated against the Plaintiff, interfered with the plaintiff's rights, and ultimately demoted and terminated, or constrictively discharged, the Plaintiff for exercising her rights or attempting to exercise her rights under the FMLA.

82. The aforementioned conduct of the Defendant Company constitutes interference in violation of the FMLA.

83. As a result of the Defendant Company's violation of the FMLA, subjecting the Plaintiff to adverse employment action, and terminating the Plaintiff's employment, the Plaintiff has suffered loss compensation, including but not limited to lost wages, fringe benefits, pension credits, lost seniority and front pay.

84. Additionally, as a direct and proximate result of the Defendant Company's actions, as aforesaid, the Plaintiff has suffered emotional distress and been forced to spend legal fees and costs in order to obtain the rights to which she is entitled.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Money damages;

2. Damages for lost wages, front pay and reinstatement;

3. Damage for emotional distress;

4. Punitive damages;

5. Reasonable attorneys fee and costs; and

6. Such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,
MARIA MEDINA

By: _____
Amanda M. DeMatteis, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: adematteis@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 7, 2014 | : | SUPERIOR COURT |
| | : | |
| MARIA MEDINA | : | J.D. OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| ARAMARK CORPORATION | : | AUGUST 28, 2014 |

<u>STATEMENT OF AMOUNT IN DEMAND</u>

The Plaintiff claims the amount in demand in excess of $15,000.00 exclusive of interest and costs.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,
MARIA MEDINA

By: _____
Amanda M. DeMatteis, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: adematteis@cicchielloesq.com

12

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Maria Medina
**COMPLAINANT**

CHRO No. 1410215

vs.

Aramark Corporation
**RESPONDENT**

EEOC No. 16A-2014-00376

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

August 21, 2014
DATE

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

cc:  Amanda M. DeMatteis, Esq., via email: adematteis@ciccheilloesq.com
      Laura Robinson, HR Manager, via email: robinson-laura@aramark.com